

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICKEY MIXON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | No. 3:02-CV-0800-L |
| | § | |
| PARK PLACE MOTORS, | § | |
| | § | |
| Defendant. | § | |

# DEFENDANT'S ORIGINAL ANSWER

**TO THE HON. SAM A. LINDSAY,**
**UNITED STATES DISTRICT JUDGE:**

Pursuant to Federal Rule of Civil Procedure 8, Defendant Park Place Motors ("Defendant") answers the allegations of Plaintiff's First Original Complaint and Demand for Jury Trial by correspondingly numbered paragraphs as follows:

## I. JURISDICTION

1. The allegations are jurisdictional or legal in nature and require no response, but are denied to the extent a response is required.

## II. PARTIES

2. Admitted that Plaintiff is a former employee and a United States citizen; and denied that Defendant engaged in unlawful employment practices. Otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, which are denied to the extent a response is required.



3.  Admitted that Defendant is doing business in the Northern District of Texas and that Defendant is an employer within the meaning of 42 U.S.C. § 2000e *et seq.*; otherwise, denied.

### III. NATURE OF CASE

4.  Denied.

### IV. FACTUAL ALLEGATIONS

5.  Admitted that Plaintiff worked at Park Place Motors as a salesman; otherwise, denied.

6.  Denied.

7.  Denied.

8.  Denied.

### V. CAUSES OF ACTION

### RACE DISCRIMINATION

9.  Defendant incorporates by reference its answers set forth in paragraphs 1-8 of this Original Answer.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Admitted that Plaintiff received notice of a written letter from the EEOC giving Plaintiff ninety (90) days to file suit, and that Plaintiff filed this suit within 90 days; otherwise,

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, which are denied to the extent a response is required.

16. Denied.

## 42 U.S.C. § 1981

17. Defendant incorporates by reference its answers set forth in paragraphs 1-16 of this Original Answer.

18. Denied.

## RACE DISCRIMINATION (HOSTILE ENVIRONMENT)

19. Defendant incorporates by reference its answers set forth in paragraphs 1-18 of this Original Answer.

20. Denied.

21. Admitted that Plaintiff received notice of a written letter from the EEOC giving Plaintiff ninety (90) days to file suit, and that Plaintiff filed this suit within 90 days; otherwise, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, which are denied to the extent a response is required.

22. Denied.

## RETALIATION

23. Defendant incorporates by reference its answers set forth in paragraphs 1-22 of this Original Answer.

24. Denied.

25. Admitted that Plaintiff received notice of a written letter from the EEOC giving Plaintiff ninety (90) days to file suit, and that Plaintiff filed this suit within 90 days; otherwise,

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, which are denied to the extent a response is required.

26. Denied.

## DEFAMATION

27. Defendant incorporates by reference its answers set forth in paragraphs 1-26 of this Original Answer.

28. Denied.

29. Denied.

30. Denied.

## VI. JURY DEMAND

31. The allegation is legal in nature and requires no response, but Defendant denies the allegation to the extent a response is required.

## PRAYER

To the extent that the Plaintiff's prayer for relief contains any allegations of fact, Defendant denies them in their entirety.

Any allegations which require a response, and which are not specifically answered above, are denied.

## DEFENSES

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendant sets forth the following the defenses, reserving the right to amend, change, or add additional defenses as allowed by law. Each of the following defenses is stated as a separate and distinct defense, in the alternative to, and without waiving, any of the other defenses which are herein or which may hereafter be pleaded:

1. Any one or more of the Plaintiff's claims fail to state a claim upon which relief can be granted.

2. All employment actions taken by Defendant relating to Plaintiff were based on legitimate, non-discriminatory reasons, and were taken in good faith.

3. Plaintiff is under a contractual duty to submit his claims to arbitration rather than seek a judicial remedy.

4. All actions taken by Defendant were performed in good faith and were not intentional, willful, or without justifiable right or cause.

5. Plaintiff failed to take the necessary steps to mitigate his damages, if any. Defendant is entitled to a reduction in damages, if found liable, with respect to the sums that Plaintiff earned or could have earned had he exercised reasonable diligence to mitigate his damages.

6. Any damages awarded to Plaintiff are limited by 42 U.S.C. § 1981a.

7. The claims and/or damages made the basis of this lawsuit fail to the to the extent that they are barred by the doctrine of after-acquired evidence.

8. All actions taken by Defendant were privileged.

9. Plaintiff is barred from seeking relief through judicial means, based on Plaintiff's contractual obligation to arbitrate any and all disputes arising out of his employment relationship with Defendant.

10. Plaintiff's claims, in whole and in part, are barred under the equitable doctrines of waiver, estoppel, and/or unclean hands.

11.     To the extent Plaintiff is claiming that he was subjected to adverse employment action(s), Defendant asserts that the same action(s) would have been taken in the absence of the alleged impermissible motivating factors.

12.     Plaintiff's alleged damages are too speculative to be permitted.

13.     Plaintiff's claims for punitive damages are barred to the extent that the imposition of punitive damages would constitute a denial of due process under the United States Constitution and the Constitution of the State of Texas.

14.     Defendant has not engaged in any discriminatory practices with malice or with reckless indifference, and therefore Defendant cannot be liable for punitive damages.

15.     Any allegedly defamatory statements made by Defendant were true.

16.     Plaintiff's alleged claim for defamation fails to identify, with reasonable particularity, the statements made, to whom the statements were made, and who made the statements.

17.     Any allegedly disparaging comments made as part of an employer investigation were subject to a qualified privilege.

## REQUEST FOR RELIEF

Defendant asks for judgment that the Plaintiff takes nothing by this action; that the action be dismissed; and that, pursuant to 42 U.S.C. § 2000e-5, Defendant be awarded its attorneys fees, expert fees and costs as the prevailing party in this matter.

DEFENDANT'S ORIGINAL ANSWER – PAGE 6

Respectfully submitted,

*[signature: Kenneth C. Broodo]*

Ronald M. Gaswirth
Texas Bar No. 07752000
Kenneth C. Broodo
Texas State Bar No. 3059200
Amanda L. Griffith
Texas State Bar No. 24032251
GARDERE WYNNE SEWELL, LLP
3000 Thanksgiving Tower
1601 Elm Street
Dallas, Texas 75201
Telephone: 214.999.3000
Facsimile: 214.999.4667

ATTORNEYS FOR DEFENDANT,
PARK PLACE MOTORS

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5, I hereby certify that a true and correct copy of the foregoing DEFENDANT'S ORIGINAL ANSWER was served by certified mail, return receipt requested to the Plaintiff, *pro se*, on this 25th day of June 2002.

Mickey Mixon, *Pro Se*
6603 Lake Vista Drive
Dallas, Texas 75249

*[signature: Kenneth C. Broodo]*

Kenneth C. Broodo